IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HECTOR A. MENDOZA SALINAS and CARLA Y. MARTINEZ RIVERA, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown<br><br>Plaintiffs,<br><br>v.<br><br>LA PLACITA TAQUERIA #2, LLC, an Illinois limited liability company, LA PLACITA TAQUERIA, LLC, an Illinois limited liability company, and EDGARDO URBINA, an individual,<br><br>Defendants. | Case No. |

## COLLECTIVE ACTION COMPLAINT

The Plaintiffs, Hector A. Mendoza Salinas ("Mendoza") and Carla Y. Martinez Rivera ("Martinez") (collectively, the "Plaintiffs"), on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, and by and through their attorney, Timothy M. Nolan of the Nolan Law Office, complain against Defendants, La Placita Taqueria #2, LLC, ("La Placita Taqueria #2"), La Placita Taqueria, LLC, ("La Placita Taqueria"), and Edgardo Urbina ("Urbina") (collectively, the "Defendants"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, for Defendants' failure to pay Plaintiffs, and other similarly situated employees, their overtime pay. Plaintiffs, and other similarly situated employees, are current and former cooks and kitchen staff employees of the Defendants' restaurants.

1

2. Plaintiffs bring this case as a collective action under 29 U.S.C. § 216(b). Plaintiffs' consent forms to act as the representative parties in the collective action are attached as Exhibit A. (See Exh. A.)

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b), because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

**THE PARTIES**

5. Plaintiff Mendoza was employed by Defendant La Placita Taqueria #2 as a cook at its Marengo, Illinois restaurant from September, 2016 through July 24, 2017.

6. Plaintiff Martinez was employed by Defendant La Placita Taqueria #2 as a cook at its Marengo, Illinois restaurant from September, 2016 through July 24, 2017.

7. During the course of their employment with Taqueria #2, Defendants also directed Plaintiffs to perform work as cooks for Defendant La Placita Taqueria at its restaurant located in Woodstock, Illinois.

8. During the course of their employment, Plaintiffs used and handled goods and materials, including perishable food and food products, which moved in interstate commerce prior to being used or purchased in Illinois.

9. Plaintiffs reside in and are domiciled in this judicial district.

10. Defendant La Placita Taqueria #2 is an Illinois limited liability company that operates a restaurant located in Marengo, Illinois and is engaged in selling and serving prepared food and beverages to customers for consumption on and off its premises.

11. Defendant La Placita Taqueria is an Illinois limited liability company that operates a restaurant located in Woodstock, Illinois and is engaged in selling and serving prepared food and beverages, including alcoholic beverages, for consumption on and off its premises.

12. Upon information and belief, Defendants have individually and collectively earned more than $500,000 in annual gross revenue during 2016 and 2017.

13. Defendant La Placita Taqueria #2 is registered in Illinois as a limited liability company and its manager, registered agent, and principal office are located within this judicial district.

14. Defendant La Placita Taqueria is registered in Illinois as a limited liability company and its managers, registered agent, and principal office are located within this judicial district.

15. Upon information and belief, Defendant Urbina is an owner and managing member of Defendant La Placita Taqueria #2, LLC and La Placita Taqueria, LLC.

16. At all times relevant to this action, Defendant Urbina possessed extensive oversight over La Placita Taqueria #2 and La Placita Taqueria employees and business practices. Urbina was also the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices. Urbina further possessed the authority to hire and fire Defendants' employees, supervised and controlled employee work schedules or conditions of employment, determined rate and method of payment, and maintained employment records.

**COMMON ALLEGATIONS**

17. From September, 2016 through July 24, 2017, Plaintiff Mendoza regularly worked six (6) days a week. On Monday, Wednesday, Thursday and Sunday, he typically worked from 9:30 a.m. to approximately 9:00 p.m.; and, on Friday and Saturday he typically worked from 9:30 a.m. to at least 10:30 p.m. Plaintiff Mendoza typically did not work on Tuesday.

18. Based on his schedule, Plaintiff Mendoza regularly worked approximately seventy-two (72) hours in individual workweeks from September, 2016 through July 24, 2017.

19. From September, 2016 through July 24, 2017, Plaintiff Martinez regularly worked six (6) days a week. During her initial two months of work, she typically worked from 12:00 p.m. to 9:00 p.m. on Monday, Wednesday and Sunday; 9:30 a.m. to 9:00 p.m. on Tuesday; and, 12:00 p.m. to at least 10:30 p.m. on Friday and Saturday. She typically did not work on Thursday during her initial two months.

20. From November, 2016 through July 24, 2017, Plaintiff Martinez typically worked from 9:30 a.m. to 9:00 p.m. on Monday, Tuesday and Wednesday; 12:00 p.m. to 9:00 p.m. on Thursday; and, from 12:00 p.m. to at least 10:30 p.m. on Friday and Saturday. During this period, she typically did not work on Sunday.

21. Based on her schedules, Plaintiff Martinez regularly worked approximately sixty (60) hours per week between September, 2016 and November, 2016; and approximately sixty-four (64) hours per week between November, 2016 and July 24, 2017.

22. Defendants paid Plaintiffs on an hourly basis at the rate of $10.00 per hour during the period from September, 2016 through July 24, 2017.

4

23. Defendants did not compensate Plaintiffs, and other non-exempt cooks and kitchen employees, at one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in individual work weeks.

24. Defendants never paid Plaintiffs an overtime premium when they worked more than forty (40) hours in a workweek.

25. In order to conceal their failure to pay overtime compensation, Defendants paid Plaintiffs by check for only a portion of their hours, forty (40) or less per week, and paid for the remainder of Plaintiffs' hours in cash.

26. Defendants paid Plaintiffs' overtime compensable hours in cash at their straight-time rate of pay.

27. In violation of the statutes and implementing regulations of the FLSA and IMWL, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiffs and other non-exempt employees.

28. Upon information and belief, Defendants failed to post, and keep posted, FLSA and IMWL notices pursuant to 29 C.F.R. § 516.4 and 820 ILCS § 105/9.

**COLLECTIVE ACTION ALLEGATIONS**

29. Plaintiffs bring their FLSA claims as a collective action on behalf of themselves and all other similarly situated current and former cooks and kitchen employees that worked for Defendants during the last three years before the filing of this suit.

30. During the last three years before the filing of this suit, Plaintiffs, and all other similarly situated current and former cooks and kitchen employees, have had substantially similar job descriptions, job requirements, and pay rates.

31. Plaintiffs and other similarly situated current and former cooks and kitchen employees worked more than forty (40) hours in individual workweeks and were not compensated at a rate of one and one-half times their regular hourly rates of pay.

32. Plaintiffs, and the other similarly situated employees, were subject to Defendants' common policies and plans to violate the FLSA by willfully refusing to pay overtime compensation to cooks and kitchen employees.

33. During the last three years before the filing of this suit, Defendants had a common policy and practice of paying cooks and kitchen employees at their straight-time rates of pay for all hours worked.

34. Defendants failed to pay Plaintiffs, and other similarly situated cooks and kitchen employees at one and one-half times their regular hourly rates of pay when they worked more than forty (40) hours in an individual workweek.

35. Plaintiffs' claims are substantially similar to the other similarly situated employees based on Defendants' common policy and plan to violate the FLSA maximum hour provisions.

36. Defendants knew or should have known that their illegal wage and hour practices violated the FLSA.

37. There are numerous similarly situated current and former cooks and kitchen employees who worked for Defendants' restaurants and who would benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit.

38. The similarly situated current and former cooks and kitchen employees are known to the Defendants and are identifiable in Defendants' timekeeping, payroll, and other records.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages

39. Plaintiffs hereby incorporate paragraphs 1 through 38 as though stated herein.

40. Throughout their employment with Defendants, Plaintiffs were each an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

41. Plaintiffs were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

42. During the course of Plaintiffs' employment, Defendants employed other cooks and kitchen staff who were similarly not exempt from the overtime wage provisions of the FLSA.

43. Throughout Plaintiffs' employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

44. Defendants La Placita Taqueria #2, LLC and La Placita Taqueria, LLC each are an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and each has operated as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A). Defendants further constitute a single enterprise under the FLSA.

45. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs and other non-exempt cooks and kitchen employees worked more than forty (40) hours, Defendants were obligated to pay them at a rate of one and one-half times their regular hourly rates of pay for all hours worked over 40 in a workweek.

46. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

47. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiffs' overtime wages was willful and not in good faith. In an attempt to conceal their overtime violations, Defendants paid for only a portion of Plaintiffs' hours by check, forty (40) hours or less per week, and paid the remainder of Plaintiffs' hours including Plaintiffs' overtime compensable hours "under the table" in cash. Upon information and belief, Defendants' cash wage payments were not reported to the appropriate federal and state tax and revenue agencies.

**WHEREFORE**, the Plaintiffs, Hector A. Mendoza Salinas and Carla Y. Martinez Rivera, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, La Placita Taqueria #2, LLC, La Placita Taqueria, LLC, and Edgardo Urbina, as follows:

- A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;
- B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;
- C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and
- D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Illinois Minimum Wage Law – Overtime Wages

48. Plaintiffs hereby incorporate paragraphs 1 through 38 as though stated herein.

49. Throughout their employment with Defendants, Plaintiffs were each an "employee" under the IMWL, 820 ILCS § 105/3(d).

50. Plaintiffs were not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

51.     During the course of Plaintiffs' employment, Defendants employed other cooks and kitchen staff who were similarly not exempt from the overtime wage provisions of the IMWL.

52.     Throughout Plaintiffs' employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

53.     Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiffs and other non-exempt cooks and kitchen employees worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

54.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiffs, Hector A. Mendoza Salinas and Carla Y. Martinez Rivera, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, La Placita Taqueria #2, LLC, La Placita Taqueria, LLC, and Edgardo Urbina, as follows:

A.  Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B.  Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C.  Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.  Such other and further relief as this Court deems appropriate and just.


Dated: August 23, 2017                                          Respectfully submitted,

                                      Hector A. Mendoza Salinas and Carla Y.
                                      Martinez Rivera, on behalf of themselves
and all other Plaintiffs similarly situated,
known and unknown,
Plaintiffs


/s/ Timothy M. Nolan
_____
One of the Plaintiffs' Attorneys


Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
Fax (312) 322-1106
tnolan@nolanwagelaw.com

10